UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DESIREE JURADO,**

    **Plaintiff,**

**v.**                                           Case No.:

**SUN STATE FORD, INC.,**

    **Defendant.**

_____/

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, DESIREE JURADO ("Plaintiff" or "Jurado"), and files her Complaint against Defendant, SUN STATE FORD, INC. ("Defendant" or "Sun State"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* as amended by the Pregnancy Discrimination Act of 1978 ("Title VII") and the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq.* ("FMLA") to redress Defendant's unlawful employment practices against Plaintiff, including discrimination, harassment, and retaliation due to Plaintiff's sex, pregnancy, and Plaintiff's request to use protected medical leave.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's Title VII and FMLA claims pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4. Plaintiff, Jurado, is a citizen of the United States, and was at all times material, a resident of the State of Florida.

5. Plaintiff worked for Defendant at its dealership located at 3535 W. Colonial Dr., Orlando, Florida 32808.

6. Defendant is a Florida Profit Corporation with its principal place of business in Orlando, Florida.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On or about November 12, 2019, Plaintiff timely duel-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

10. Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

11. The EEOC issued to Plaintiff a Notice of Right to Sue on February 18, 2021.

12. This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff is female.

14. Plaintiff began her employment with Defendant on or about July 11, 2016.

15. During her tenure, Plaintiff held various positions from Delivery Driver to Cashier/Parts Support.

16. Plaintiff was a full-time employee who regularly worked or exceeded forty hours per week and satisfactorily performed the job requirements of her position.

17. Plaintiff was subjected to disparate treatment and discrimination due to Plaintiff's sex and pregnancy with regards to the terms and conditions of Plaintiff's employment.

18. Similarly situated female, non-pregnant employees were treated more favorably than Plaintiff during her employment.

19. In January 2019, Plaintiff suffered a miscarriage and as a result she required surgery.

20. Plaintiff informed Defendant of the same and took a brief medical leave to undergo surgery. Following her recovery Plaintiff returned to work.

21. In March 2019, Plaintiff learned that she was four weeks pregnant.

22. Plaintiff informed Defendant of her pregnancy and provided Defendant medical documentation.

23. Due to her miscarriage a few months prior, Plaintiff required regular appointments with her physician.

24. Plaintiff kept Defendant informed of her pregnancy-related doctor appointments and provided documentation from her doctor when she was required to miss work for appointments.

25. To retaliate against Plaintiff and discourage her from taking her upcoming FMLA leave for the birth of her child, Defendant brought in a new employee and required Plaintiff to train the new employee for Plaintiff's position.

26. Plaintiff's doctors originally advised she was to begin her maternity leave under the FMLA on November 1, 2019.

27. In late August 2019, Plaintiff arrived to work as scheduled and began her workday. However, as the day progressed Plaintiff began experiencing pregnancy-related pain.

28. Due to the severity of her pain, Plaintiff informed Parts Manager, Vickie Manees, that she needed to go to the doctor.

29. Plaintiff informed Ms. Manees that she may need to begin her FMLA leave earlier than planned, depending on what her doctor advised.

30. That afternoon Plaintiff was treated by her doctor and given a note excusing her from work for the rest of the day.

31. The next day Plaintiff provided the doctors note to Defendant.

32. After providing Defendant her doctors note, Plaintiff observed that her trainee was moved to Plaintiff's desk and officially given Plaintiff's Cashier title.

33. To harass Plaintiff and retaliate against her for her sex/pregnancy and upcoming FMLA leave, Defendant informed Plaintiff that it thought she "quit" the day before.  Plaintiff did no such thing.

34. Approximately a week later Defendant terminated Plaintiff.

35. Defendant terminated Plaintiff to interfere with her lawful use of her FMLA leave.

36. Plaintiff has been damaged by Defendant's illegal conduct.

37. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I: Sex/Pregnancy Based Discrimination in Violation of The Pregnancy Discrimination Act as Amended Under Title VII

38. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

39. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of Plaintiff's pregnancy.

40. Defendant is prohibited under Title VII from discriminating against Plaintiff because of Plaintiff's pregnancy with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

41. Defendant violated Title VII by unlawfully discriminating against Plaintiff based on Plaintiff's pregnancy.

42. Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's pregnancy.

43. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and

emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

44. Defendant's unlawful conduct in violation of Title VII is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II: Retaliation in Violation of Title VII

45. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

46. Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

47. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

48. Defendant's conduct violated Title VII.

49. Plaintiff has satisfied all statutory prerequisites for filing this action.

50. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

51. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

52. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

### Count III: Interference in Violation of the FMLA

53. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

54. Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

55. At all times relevant, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

56. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

57. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

58. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

59. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

## Count IV: Retaliation in Violation of the FMLA

60. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

61. Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

62. 40. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

63. Plaintiff exercised or attempted to exercise her rights under the FMLA.

64. Defendant retaliated against Plaintiff for exercising or attempting to exercise her rights under the FMLA.

65. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

66. Plaintiff was injured due to Defendant's willful violations of the FMLA, and she is entitled to legal relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Dated: April 15, 2021.                Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Florida Bar Number: 099040
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950

        Tampa, Florida 33609
        T: (800) 965-1570
        F: (866) 580-7499
        gary.martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*